# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 16-12728 (JTD) |
| | : | Chapter 11 Case |
| NNN 400 CAPITOL CENTER 16, LLC, et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| NNN 400 CAPITAL CENTER, LLC, et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 20-1260-CFC |
| | : | Bankruptcy Adv. No. 18-50384 (JTD) |
| WELLS FARGO BANK, N.A., et al., | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |
| | : | |
| NNN 400 CAPITAL CENTER, LLC, et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 20-1261-CFC |
| | : | Bankruptcy Adv. No. 18-50384 (JTD) |
| WELLS FARGO BANK, N.A., et al., | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |
| | : | |
| NNN 400 CAPITAL CENTER, LLC, et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C. A. No. 20-1262-CFC |
| | : | Bankruptcy Adv. No. 18-50384 (JTD) |
| WELLS FARGO BANK, N.A., et al., | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

|  |  |
|---|---|
| NNN 400 CAPITAL CENTER, LLC, et al., | |
| Appellants, | |
| v. | C. A. No. 20-1266-CFC |
|  | Bankruptcy Adv. No. 18-50384 (JTD) |
| WELLS FARGO BANK, N.A., et al., | |
| Appellees. | |
| NNN 400 CAPITAL CENTER, LLC, et al., | |
| Appellants, | |
| v. | C. A. No. 20-1267-CFC |
|  | Bankruptcy Adv. No. 18-50384 (JTD) |
| WELLS FARGO BANK, N.A., et al., | |
| Appellees. | |

## RECOMMENDATION

At Wilmington this **22nd** day of **October, 2020.**

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

On October 8, 2020, the parties responded by a joint letter to this court's

Oral Order of September 24, 2020 regarding their respective positions on mandatory mediation. Consistent with this Order, the parties' letter response was not docketed. The parties' response was directed to five (5) separate appeals from two Orders of the Bankruptcy Court.

According to this letter, the parties do not agree whether mediation is warranted and would be a productive exercise. After review of this letter, the issues on appeal and the designation of the record on appeal by Appellant, which contained the bases for its appeal, and included argument of the alleged errors by the Bankruptcy Court, neither does this court.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F$_{ED}$. R. C$_{IV}$. P. 72(a) and D. D$_{EL}$. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge